UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------------

Christopher A. Roberts, sui juris                             6:22-cv-0918
                                                              (GLS/TWD)
                                    Plaintiff,

        v.

Oneida Sheriff Deputy R. Fleury

Oneida Sheriff Deputy M. Aldoori

Oneida County Sheriff Robert M. Maciol

Oneida County Executive Anthony J. Picente Jr.

Sauquoit Valley Central School District
Superintendent Ronald Wheelock

Oneida County Director of Health Daniel W. Gilmore

Oneida County District Attorney Scott D. McNamara

Sauquoit Valley Central School District
Board of Education member Jim Dever

Sauquoit Valley Central School District
Board of Education member Ron Critelli

Sauquoit Valley Central School District
Board of Education member Dawn Miller

Sauquoit Valley Central School District
Board of Education member Anthony Nicotera

Sauquoit Valley Central School District
Board of Education member Todd Nelson

Oneida County

Oneida County Sheriff Department

Sauquoit Valley Central School District

                                    Defendants.

-----------------------------------------------------------------------------------------

# REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANTS' FRCP RULE 12(B)(1)-(6) MOTION TO DISMISS

By:   David H. Walsh, Esq.
Bar Roll No.: 512032
Attorneys for Defendants
*Oneida Sheriff Deputy R. Fleury,*
*Oneida Sheriff Deputy M. Aldoori,*
*Oneida County Sheriff Robert M. Maciol,*
*Oneida County Executive Anthony J. Picente, Jr.*
*Oneida County Director of Health Daniel W. Gilmore,*
*Oneida County District Attorney Scott D. McNamara,*
*Oneida County & Oneida County Sheriff Department*
4615 North Street
Jamesville, NY 13078
(315) 492-3000
dhwalsh@kslnlaw.com

# TABLE OF CONTENTS

TABLE OF CONTENTS………………………………………………………………… i

TABLE OF AUTHORITIES……………………………………………………………… ii

PRELIMINARY STATEMENT………………………………………………………….. 1

ARGUMENT……………………………………………………………………………… 1

      POINT I:  PLAINTIFF HAS EXPRESSLY CONCEDED CERTAIN
      CLAIMS AND CAUSES OF ACTION………………………………….. 1

      POINT II: PLAINTIFF'S ARGUMENTS PERTAINING TO FRCP
      RULE 12(B)(2), (3), (4), AND (5) ARE INAPPLICABLE AS THE
      COUNTY DEFENDANTS NEVER MOVED FOR DISMISSAL ON
      THOSE GROUNDS………………………………………………………… 2

      POINT III: THE COUNTY DEFENDANTS WERE NOT REQUIRED
      TO SUBMIT AN AFFIDAVIT IN THEIR MOTION…………………… 2

      POINT IV: THE COUNTY DEFENDANTS ARE PROTECTED BY
      QUALIFIED IMMUNITY……………………………………………….. 3

      POINT V: THE COUNTY DEFENDANTS DECLINE TO ADDRESS
      ARGUMENTS PERTAINING TO THE WORD "MANDATE."………... 5

      POINT VI: PLAINTIFF'S CONSTITUTIONAL CLAIMS SHOULD BE
      DISMISSED……………………………………………………………….. 5

      POINT VII: IRRLEVANT ALLEGATIONS SHOULD BE STRICKEN... 7

CONCLUSION…………………………………………………………………………… 8

## TABLE OF AUTHORITIES

*Case v. Ivey*, 2022 U.S. App. LEXIS 18433, at *9 (11th Cir. July 5, 2022)..................... 3, 5
*Hopkins Hawley LLC v. Cuomo*, 518 F. Supp. 3d 705, 714 (S.D.N.Y. 2021) ................. 5
*Nat'l Ass'n of Bds. of Pharmacy v. Bd. of Regents*, 633 F.3d 1297, 1308 n.22 (11th Cir. 2011)........................................................................................................................... 2
*Zinman v. Nova Se. Univ.*, 2021 U.S. Dist. LEXIS 165341 (S.D. Fla. Aug. 30, 2021) ...... 3, 6

**Statutes:**

Federal Rules of Civil Procedure Rules 12……………………………………………….. 2
Federal Rules of Civil Procedure Rules 12(b)(1)…………………………………………. 2, 3, 7
Federal Rules of Civil Procedure Rules 12(b)(6)…………………………………………. 2
Federal Rules of Civil Procedure Rules 12(b)(1)-(6)…………………………………….. 1, 2, 3, 8

General Municipal Law §§50-e…………………………………………………………... 3
General Municipal Law § 50-e-i-h……………………………………………………….. 1, 7
N.D.N.Y. Local Rule 7.1…………………………………………………………………. 3
N.D.N.Y. Local Rule 7.1(b)(2)(a)………………………………………………………… 2

PRELIMINARY STATEMENT

Defendants, ONEIDA SHERIFF DEPUTY R. FLEURY, ONEIDA SHERIFF DEPUTY M. ALDOORI, ONEIDA COUNTY SHERIFF ROBERT M. MACIOL, ONEIDA COUNTY EXECUTIVE ANTHONY J. PICENTE JR., ONEIDA COUNTY DIRECTOR OF HEALTH DANIEL W. GILMORE, ONEIDA COUNTY DISTRICT ATTORNEY SCOTT D. MCNAMARA, ONEIDA COUNTY ("the County"), and the ONEIDA COUNTY SHERIFF DEPARTMENT (collectively "the County defendants"), by and through their attorneys, Kenney Shelton Liptak Nowak LLP, respectfully submit this reply memorandum of law in further support of their motion, pursuant to Federal Rules of Civil Procedure Rules 12(b)(1)-(6), to dismiss the complaint filed against them by *pro se* plaintiff, CHRISTOPHER A. ROBERTS, *sui juris* ("Plaintiff"), for failure to state a cause action (regarding the federal claims) and for lack of supplemental jurisdiction (regarding the state law claims) based on failure to comply with conditions precedent to commencing a lawsuit pursuant to General Municipal Law §§50-e-i-h.

ARGUMENT

POINT I

**PLAINTIFF HAS EXPRESSLY CONCEDED CERTAIN CLAIMS AND CAUSES OF ACTION.**

Plaintiff in opposition has conceded the following claims and causes of action:

- Official capacity claims against defendant-employees of the County;
- Claims against administrative arms of the County;
- The conspiracy claim under §1985;
- The Equal Protection claim;
- The standalone §1983 claim;
- Punitive damages against the County defendants in their official capacity;
- The declaratory judgment for injunctive relief;
- Grand jury empanelment;
- The common law conspiracy claim;

1

- The IIED claim;
- The omission or non-disclosure claim.

Dkt. #37 at POINT 6. Accordingly, Your Honor should dismiss these claims.

## POINT II

### PLAINTIFF'S ARGUMENTS PERTAINING TO FRCP RULE 12(B)(2), (3), (4), AND (5) ARE INAPPLICABLE AS THE COUNTY DEFENDANTS NEVER MOVED FOR DISMISSAL ON THOSE GROUNDS.

The County defendants filed the instant motion to dismiss pursuant to FRCP Rules 12(b)(1) and 12(b)(6), referencing it throughout their original motion papers by the universally accepted shorthand of "FRCP Rule 12(b)(1)-(6)." *See* dkt. #28-1. Although it is understandable that a layperson may logically interpret "(1)-(6)" to include 2, 3, 4, and 5, we, as legal practitioners, have consistently used it to simply stand for FRCP Rule (1) *and/or* (6). *See e.g., Nat'l Ass'n of Bds. of Pharmacy v. Bd. of Regents*, 633 F.3d 1297, 1308 n.22 (11th Cir. 2011). Thus, to clarify for Plaintiff, the County defendants motion is limited to those two subsections of FRCP Rule 12. *Cf.* dkt. #37 at POINT 2, POINT 4. Accordingly, any further discussion of subsections (2), (3), (4), and (5) is unnecessary.

## POINT III

### THE COUNTY DEFENDANTS WERE NOT REQUIRED TO SUBMIT AN AFFIDAVIT IN THEIR MOTION.

Plaintiff in opposition argued that the County defendants' motion papers were somehow defective because they were not accompanied by an any affidavits, *see* dkt. #37 at POINTS 4-5, and given his concern, the County defendants will address that issue.

First, as Plaintiff correctly recognized, N.D.N.Y. Local Rule 7.1(b)(2)(a) states that an affidavit is not required for FRCP Rule 12(b)(6) motions. *See* dkt. #37 at POINT 4. Thus, Plaintiff's argument on this issue should be rejected.

2

Second, although Plaintiff argues that N.D.N.Y. Local Rule 7.1 somehow requires an affidavit for a FRCP Rule 12(b)(1) motion to dismiss (*see* dkt. #37 at POINTS 4-5), the rules make no such representation. Instead, in practice, while an affidavit *may* accompany such motions, it is not required as these motions test whether the Court even has jurisdiction over the subject matter of the case, which, necessarily, may be determined with or without affidavits. For example, subject matter jurisdiction may be raised at any time *sua sponte* by the Court when it has reason to believe jurisdiction is lacking, and often times will do so by reviewing the complaint or other materials. In fact, in this particular case, it is sufficient for the Court to review a 50-h transcript and a letter from Plaintiff indicating that he was refusing to appear for a 50-h examination as required by GML 50e as proof of Plaintiff's failure to comply with conditions precedent to commencing an action against a municipality for claims sounding in tort. Thus, the Court should not only reject Plaintiff's misinterpretation of the law regarding whether an affidavit is a necessary component of a FRCP Rule 12(b)(1) motion (*see* dkt. #37 at POINTS 4-5), it should also dismiss Plaintiff's state law tort claims pursuant to FRCP Rule 12(b)(1) and GML 50e for lack of subject matter jurisdiction given his refusal to strictly comply with conditions precedent.

## POINT IV

### THE COUNTY DEFENDANTS ARE PROTECTED BY QUALIFIED IMMUNITY.

The County defendants in their original brief set forth the reasons and legal authorities supporting dismissal on grounds of qualified immunity. *See* dkt. #28 at POINT III. Specifically, the County defendants submitted two cases that support application of qualified immunity at this stage of litigation to dispose of COVID-19 mask policy challenges against government officials. *See id.* (*citing Zinman v. Nova Se. Univ.*, 2021 U.S. Dist. LEXIS 165341, at *49 (S.D. Fla. Aug. 30, 2021); *Case v. Ivey*, 2022 U.S. App. LEXIS 18433, at *9 (11th Cir. July 5, 2022)).

3

In opposition, Plaintiff declined to address either of these cases or their reasons supporting application. Thus, in the absence of any reason to refute application of the rationale set forth in *Zinman* and *Case*, this Court should adopt their holdings and apply qualified immunity to the County defendants in this case.

As for Plaintiff's arguments, in opposition, Plaintiff appears to argue that qualified immunity should not apply because the County Executive (Picente), Sheriff (Maciol) and deputies acted outside their scope of authority. Specifically, Plaintiff argued that "County Executive has no authority to issue temporary health orders," the "County Sheriff has no authority to require his subordinates to prevent people from entering public accommodations unless they put on an emergency use authorized (EUA) medical device," and "[t]he county deputies have no authority to require anyone to use medical devices that are only authorized under emergency use." Dkt. #37 at POINT 7. However, this argument should be rejected on grounds that the Temporary Public Health Order – which Plaintiff included as Exhibit D to his complaint (*see* dkt. #7-4) - expressly sets forth the legal grounds upon which it is authorized to issue the order, and in the absence of any legal authority successfully challenging that authority, Plaintiff's argument should be rejected.

Plaintiff also appears to argue that the County defendants somehow forfeited their right to assert a qualified immunity defense because he warned them of all the reasons he believed they were violating his constitutional rights by requiring that he wear a face mask to enter the school on the night in question. *See* dkt. #7 at POINT 8. However, this argument should be rejected for reasons already thoroughly outlined, including that: 1) the Temporary Public Health Order was lawfully issued and presumptively constitutional at the time of the incident, and; 2) the County defendants were under a good faith reasonable belief that they were enforcing a constitutional policy.

## POINT V

### THE COUNTY DEFENDANTS DECLINE TO ADDRESS ARGUMENTS PERTAINING TO THE WORD "MANDATE."

Plaintiff in opposition raises an issue with the word "mandate." See dkt. #7 at POINT 8.1. In the County defendants' view, this argument is irrelevant and does not require a response.

## POINT VI

### PLAINTIFF'S CONSTITUTIONAL CLAIMS SHOULD BE DISMISSED.

In their original motion papers, the County defendants set forth the reasons and legal authorities supporting dismissal of Plaintiff's constitutional claims. See dkt. #28 at POINT IV. Given Plaintiff's opposition, the County defendants will address each claim in turn.

**a. Procedural due process claim.**

Specifically, with respect to Plaintiff's procedural due process claim, the County defendants relied on *Hopkins Hawley LLC v. Cuomo*, 518 F. Supp. 3d 705, 714 (S.D.N.Y. 2021), for its dismissal of such claims where the law is legislative in nature, applies to everyone, and is applied prospectively. See dkt. #28 at POINT IV.

In opposition, Plaintiff declined to challenge or refute this argument. See dkt. #37 at POINT 9.1. Instead, Plaintiff attempted to submit argument regarding his right to life, liberty, and property, and also appeared to submit argument regarding religious freedom and right to medical autonomy. *Id.* However, these arguments have been thoroughly rejected by other courts addressing similar claims (*see e.g., Case*, 2022 U.S. App. LEXIS 18433), and there is no reason for this Court to conclude any different.

b. **Substantive Due Process Claim.**

In their original brief, the County defendants relied on *Zinman*, 2021 U.S. Dist. LEXIS 165341, and requested that, for the reasons thoroughly articulated therein, this Court should dismiss Plaintiff's substantive due process claims as the mask mandates at issue are subject to rational basis review and clearly are rationally related to a legitimate government interest.

In opposition, Plaintiff appears to argue that *Zinman* should not apply because here, unlike in *Zinman*, this Plaintiff questions whether COVID even exists. *See* dkt. #37 at POINT 9.2.

In response, the County defendants respectfully submit that Plaintiff's apparent legal argument lacks any support, and in any event, is insufficient to avoid dismissal for reasons set forth in *Zinman*. Accordingly, this claim should be dismissed.

c. **Plaintiff's First Amendment Claims**

In their original motion papers, the County defendants set forth the reasons and legal authorities supporting dismissal of this claim, specifically citing its neutral application and also the broad rejection (at that time) of any religious freedom challenges to similar policies across the country. *See* dkt. #28 at POINT IV.

In opposition, it appears that Plaintiff is attempting to argue that there is no legitimate state interest for the policy because of his dubious views of the existence of COVID or SARS-CoV-2, and otherwise argues in conclusory fashion that the policy was not neutrally applied. *See* dkt. #37 at POINT 9.3.

In response, the County defendants submit that Plaintiff's opposing arguments are legally insufficient, are unsupported by case law, and fail to rebut the reasons under which they deem themselves entitled to dismissal. Accordingly, the County defendants rest on their original brief and respectfully request dismissal of this claim for reasons set forth therein.

d. **State law claims.**

The County defendants in their original brief set forth the reasons and legal authorities supporting dismissal of Plaintiff's state law tort claims on jurisdictional grounds (pursuant to FRCP Rule 12(b)(1) and General Municipal Law §§ 50e-i-h), based on his tacit refusal to appear for a §50-h examination under oath, which is a condition precedent to commencing claims against a municipality for actions sounding in tort. *See* dkt. #28 at POINT VI.

In opposition, Plaintiff argued that the lack of an affidavit somehow warrants denial of this portion of the motion. Dkt. #37 at POINT 10. However, for reasons already articulated above regarding the lack of any requirement of an affidavit to support dismissal on these grounds, together with the reasons and legal authorities in their original brief, the County defendants respectfully submit that dismissal of any and all state claims is required for lack of subject matter jurisdiction. For these same reasons, the County defendants are entitled to dismissal of Plaintiff's gross negligence claim that he claims was unaddressed in their original brief (even though it was addressed as it is lumped in with Plaintiff's "state law claims"). *Cf.* dkt. #37 at POINT 11; dkt. #28 at POINT VI.

## POINT VII

## IRRLEVANT ALLEGATIONS SHOULD BE STRICKEN.

In their original brief, the County defendants incorporated by reference the argument set forth by the District defendants and requested that irrelevant facts, legalese, and arguments – too many to list but quite apparent from a review of the complaint – should be stricken and/or disregarded. *See* dkt. # In opposition, Plaintiff declined to address this point, and therefore, to the extent it may be necessary (i.e., only if any claims against the County defendants survive), then Plaintiff should be required to submit an amended complaint with irrelevant allegations removed.

7

## CONCLUSION

For the reasons and legal authorities set forth herein, the County defendants respectfully request an Order pursuant to Rule 12(b)(1)-(6) of the Federal Rules of Civil Procedure dismissing Plaintiff's Complaint, with prejudice, for lack of subject matter jurisdiction over the state law claims, and for the federal law claims, failure to state a claim upon which relief can be granted; and for any other relief the Court deems just and proper.

DATED: January 30, 2023        KENNEY SHELTON LIPTAK NOWAK LLP

_____
David H. Walsh, Esq.
Bar Roll No.: 512032