UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------------

Christopher A. Roberts, sui juris

                              Plaintiff,        Civil case No. 6:22-c-v-0918

                      v.                    (GLS/TWD)

Oneida Sheriff Deputy R. Fleury

Oneida Sheriff Deputy M. Aldoori

Oneida County Sheriff Robert M. Maciol

Oneida County Executive Anthony J. Picente Jr.

Sauquoit Valley Central School District
Superintendent Ronald Wheelock

Oneida County Director of Health Daniel W. Gilmore

Oneida County District Attorney Scott D. McNamara

Sauquoit Valley Central School District
Board of Education member Jim Dever

Sauquoit Valley Central School District
Board of Education member Ron Critelli

Sauquoit Valley Central School District
Board of Education member Dawn Miller

Sauquoit Valley Central School District
Board of Education member Anthony Nicotera

Sauquoit Valley Central School District
Board of Education member Todd Nelson

**PLAINTIFF'S MOTION TO**

**STRIKE MEMORANDUM**

**OF LAW IN SUPPORT OF**

**DEFENDANTS' FRCP RULE**

**12(B)(1)-(6) MOTION TO DISMISS**

Oneida County

Oneida County Sheriff Department

Sauquoit Valley Central School District

                              Defendants.

----------------------------------------------------------------

## MOTION TO STRIKE DEFENDANTS MEMORANDUM OF LAW IN SUPPORT OF

## DEFENDANTS' FRCP RULE 12(B)(1)-(6) MOTION TO DISMISS

COMES NOW, the Plaintiff, Christopher A. Roberts of his own accord and free will to strike Defendants' Memorandum of Law in Support of Defendants' FRCP Rule 12(B)(1)-(6) Motion to dismiss for violation of Rule 11(b), Rule 56(c)(1)(A) and (B), Rule 56(c)(2) and 56(e). Plaintiff CHRISTOPHER A. ROBERTS ("Plaintiff") filed on November 28, 2022, the Writ for Affidavit and Noticed this Court that Plaintiff acting pro se objected to Counsels for County Defendants adding to the record anything that is not in Affidavit form, sworn to under the penalty of perjury and with full commercial liability.

Plaintiff strongly suggests that the named County Defendants file counter-affidavits rebutting the claims made by the Plaintiff in his verified complaint. To date, the only "facts" that have been submitted in the record have been proffered by the Plaintiff under the penalties of perjury."The county defendants' Memorandum of Law in Support of Defendants' FRCP Rule 12(B)(1)-(5) Motion to Dismiss for failure is unsupported by affidavits or depositions and is incomplete because it requests this Court to consider

Roberts vs. Oneida County/Sauquoit School District, et al • 2 of 11

facts outside the record which have not been presented in the form required by Rules 12(b)(6) and 56(c). Statements of counsel in their briefs or argument while enlightening to the Court are not sufficient for purposes of granting a motion to dismiss or summary judgment." Trinsey v. Pagliaro (E.D. Pa. 1964) 229 F. Supp. 647, 649.

It is well settled law that attorneys' statements and arguments do not constitute "facts" or "evidence" before the Court. "The district court recognized this principle when it instructed the jury that "[s]tatements and arguments of counsel are not evidence in the case." ROA, Vol. 1 at 183." U.S. v. Gonzalez (10th Cir. 2010) 596 F.3d 1228, 1237 fn. 1. Counsels for the County Defendants and counsel for District Defendants are either Attorneys or witnesses, but they cannot be both. See In re American Cable Publications, Inc. (10th Cir. 1985) 768 F.2d 1194.

"Facts" asserted by Counsel that are Outside the Record:

1. Mr. Walsh is trying to enter facts into the record that are not integral to this case. He does this under Procedural Background on pages 1 and 2 with all of (a) and the Exhibits referenced (A-D). If Mr. Walsh wanted these alleged facts on the record he should have done so by Affidavit.

2. It is also improper to bring up his ethical issues into this court record that are outside the scope of this case. It can only be determined that Counsel for county Defendants is unjustly doing this to prejudice the tribunal against the Plaintiff. See page

two where Mr. Walsh talks about his professional misconduct, it has nothing to do with Plaintiff's complaint.

3. All of the Factual Background information under (a) is outside the record and does not constitute facts before this court. This information is not relevant to the case the Plaintiff filed. The Plaintiff's case can be summed up as deprivation of several rights under the guise of color of law. Counsel for County Defendants is trying to enter facts into the case that he knows are in dispute to justify his clients' egregious actions. Counsel for the Defendants have also been contacted by the Plaintiff via email several times in the month of December. These communications were to explain to the Defendants' Counsel how and why the factual background information they allege is false and why they will not be able to provide evidence for their claims. In the Complaint on paragraph 236-238 and Exhibit W, Plaintiff provides facts that official governmental agencies have no record of any isolation of SARS CoV2 from a sick patient. These governmental agencies include all of the schools in Oneida County, Oneida County Health Department, New York State Department of Health, the CDC, and the NIH.

4. The first paragraph of (b) should be struck from the record because it is prejudicial, outside the record, and is County Defense Counsel's opinion. It is improper for Mr. Walsh to be entering a letter that appears to be from Plaintiff to someone who is not a party in this suit, into the record. That is irrelevant to this case. Mr. Walsh is just trying to unfairly manipulate the tribunal. Plaintiff has already requested Mr. Walsh explain how this letter is an integral to this case and he has failed to respond to date.

Roberts vs. Oneida County/Sauquoit School District, et al • 4 of 11

5. Page 12, under point 1, it states, "Plaintiff's objection over being turned away from the school board meeting on February 1, 2022, based on his refusal to wear a face mask as was then required by law." There is and was no law but Mr. Walsh thinks he can take customs/policies and with his pen turn them into laws. He contends his clients were following law throughout his memorandum, without ever providing the law they were following. All references to laws that County Defendants' were following need to be struck from the County Defendants' Motion to Dismiss. Mr. Walsh already has been asked to clarify the law his clients were following back in December and has failed to respond to this date.

6. Page 13 states, "However, because the complaint establishes that the County Defendants were merely enforcing State and County laws that were in effect at the time (and also considered constitutional)." This should be struck from the record because there was no law in effect. Mr. Walsh's opinion of the County's policies are wrong and not a matter of law. Plaintiff's complaint does not establish anywhere that the County Defendants were merely enforcing any State or County Laws. Counsel for the County Defendants is confused on what is a law and what is a policy/custom. He is trying to enter evidence into the record that there are no facts for which will never be supported by any evidence on the record.

7. Page 15 states, "Here, the myriad of civil rights and other legal violations Plaintiff asserts- the right to ignore temporary mask mandate passed by the state, county and school during an historic and unprecedented respiratory pandemic and enter

Roberts vs. Oneida County/Sauquoit School District, et al • 5 of 11

a school building." A "respiratory virus pandemic," is another disputed fact that there is no evidence for just unsubstantiated acquisitions made by Counsel to mitigate his clients guilt.

8. Counsel then states, further down on page 15, "specifically, the laws at issue were never stricken down as unconstitutional; in fact, similar measures have been repeatedly upheld across the country." Once again Mr. Walsh is trying to misrepresent matters to this tribunal. There is no law that could be challenged as unconstitutional and this line of argument should be struck from the court record.

9. On page 15, County Defendants Counsel states "Although Plaintiff may cite various constitutional provisions, federal or state laws, or other case, none were binding at the time of this alleged incident," is another statement that is factually inaccurate. County Defendants Counsel never mentioned the law cited in Plaintiff's complaint, Title 21 U.S.C. § 360bbb-3(e)(1)(A)(ii)(I-III). This is still a valid law and was binding at the time.

10. On the bottom of page 15, "In light of the ongoing COVID-19 pandemic, and presumed legality and constitutionality of the mask mandates in place throughout the State of New York between August 2021," is another statement that is in dispute here and there is no evidence on the record for a pandemic and the excess mortality rate proves that there was no pandemic until people started getting vaccinated with a deadly injection, which is not a vaccine by definition. The only pandemic will be for those who

were deceived or coerced into getting an injection of deadly and toxic substances. There is no excess mortality increase for people who did not take the so called vaccination. Mr. Walsh wants to imply that there was a pandemic without any evidence of one on the record, which will be impossible to prove because it is a wild mis-evaluation of the events that took place in 2021.

11. Page 16, "respiratory virus pandemic," should be struck for no evidence on the record at this time. Also strike the line "County Defendants cannot be held liable for requiring that Plaintiff do so pursuant to State, County, and school law." Here once again there has never been a law by the State, County, or school.

12. When County Defendants Counsel states on Page 17,"Plaintiffs substantive due process claims as the mask mandates at issue are subject to rational review and clearly are rationally related to a legitimate government interests,"  is unclear what legitimate government interest he is referring to and how the mask mandate is rational. Plaintiff has made it abundantly clear to all Defendants' and their Counsels that they are claiming a rational basis that can not be proven to exist in a court of law with factual evidence. Mr Walsh is presenting the concept of masking as a means of protecting people as undisputed fact. This point is greatly contested as recently as November of 2022. In a deposition while under oath Dr. Anthony Fauci couldn't provide any studies regarding the efficacy of masks in regard to respiratory viruses according to lawyers representing plaintiffs in a case against the federal government.


Roberts vs. Oneida County/Sauquoit School District, et al • 7 of 11

13. On page 20, "Plaintiff's express written decision declining litigation of state law claims outlined," should be struck from the record. This is unsubstantiated, not in Affidavit form, and not relevant to the complaint filed.

14. On page 22, "Plaintiff unilaterally declined to appear for the 50-h hearing on September 7, 2022...his state law claims must be dismissed." should be struck from the record. "Defendant has filed no counter-affidavit, and therefore for the purposes of the motion before the Court, the allegations in the affidavit of plaintiff must be considered as true, Federal Rules of Civil Procedure, Rule 9(d), 28 U.S.C.A." Group v. Finletter (D.D.C. 1952) 108 F. Supp. 327, 328.

15. The Plaintiff's complaint does not mention a letter to Chief Judge Cannataro or a package given to Mr Walsh. These would be his exhibits E and D respectively.  Nor anywhere in the complaint is anything mentioned about Notices of Claims. These would be Mr Walsh's Exhibit A and B. "Moreover, the court cannot consider evidence outside the pleadings without giving the parties notice and an opportunity to present additional evidence and converting the motion into one for summary judgment. See Fed. R. Civ. P. 12(b). In light of the foregoing, the Court concludes that documents submitted in connection with a Rule 12(b)(6) motion cannot qualify as judicial." *Standard Inv. Chartered, Inc. v. Nat'l Ass'n of Sec. Dealers, Inc.,* 621 F.Supp.2d 55, 66 (S.D.N.Y.2007).

The Plaintiff has not had an opportunity to present any additional evidence to Mr. Walsh's claims. "Documents submitted with such a motion are, by definition, excluded from the court's purview, and are therefore of no value to someone wishing to evaluate the court's decision. On the other hand, if the court does consider the documents (making the documents necessary for meaningful public monitoring)", the motion is no longer a Rule 12(b)(6) motion for dismissal but is now a Rule 56 for summary judgment. Ultimately, because documents submitted with a Rule 12(b) (6) motion can play no role in the court's deliberations absent conversion, the documents cannot qualify as judicial for presumption-of-access purposes."Id. Because none of these Exhibits are even mentioned in the Complaint the Defendant's motion should be excluded from the record. If not, his motion to dismiss should be treated as one for summary judgment.

16. The County Defendants' Counsel asserted their motion was pursuant to clauses one through six of Fed. R. Civ. P. 12(b). But he fails to explain how this court supposedly lacks subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1). He also fails to specify how the Court lacks personal jurisdiction under Fed. R. Civ. P. 12(b)(2). Counsel also fails to explain how this Court is supposedly the improper venue under Fed. R. Civ. P. 12(b)(3). He also fails to explain how process was supposedly insufficient under Fed. R. Civ. P. 12(b)(4). He failed to explain how the service of process was supposedly insufficient under Fed. R. Civ. P. 12(b)(5).The Defendants and their attorney have thereby violated Fed. R. Civ. P. 11(b).

17. "Ordinarily, a court may not consider any documents that are outside of the complaint, or not expressly incorporated therein, unless the motion is converted into one for summary judgment." The exception for consideration of documents is "narrow." It is only when "a complaint's factual allegations are expressly linked to—and admittedly dependent upon—a document (the authenticity of which is not challenged)," that a court "can review it upon a motion to dismiss." Alt. Energy v. St. Paul Fire Marine, 267 F.3d 30, 33 (1st Cir. 2001).

Plaintiff requests that this honorable Court rule on the Writ before the court filed on November 28, 2022 before making a ruling on the Motion to Dismiss and demands that Counsels not be permitted to add to the record any third party hearsay or things taken as judicial notice, that were uncontested in an undecided case.

## CONCLUSION

\

Determination by this Court that the Defendants have entered nothing on record by testimony, counter-affidavits, or depositions; that the rulings and determinations of The United States Supreme Court have precedent over Counsel's opinions; and that the motion to dismiss has been filed improperly; justly requires that County Defendant's motion to dismiss be supported by affidavits in order for this Court to consider the "facts" therein.

Roberts vs. Oneida County/Sauquoit School District, et al • 10 of 11

WHEREFORE, for the reasons stated throughout this opposition, Plaintiff respectfully MOVES this Honorable court to enter an order GRANTING Plaintiff's Motion to Strike all parts of County Defendants' Memorandum of Law outlined in this Motion and require County Defendants' and Counsel to sign and return the Affidavit of Commercial Liability for Defendants' Memorandum of Law in Support of Defendants' FRCP Rule 12(B)(1)-(6) Motion to dismiss.

I, Christopher A. Roberts, Plaintiff in the above complaint declare under penalty of perjury that the foregoing is true and correct.

Dated : Feb. 2 2023

Christopher A. Roberts

sui juris

P.O. Box 34, Sauqoit, N.Y.13456

croberts417@yahoo.com

315-272-6897

Roberts vs. Oneida County/Sauquoit School District, et al • 11 of 11