UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------------------------------
Christopher A. Roberts, sui juris

                            Plaintiff,

              v.

6:22-cv-0918
(GLS/TWD)

Oneida Sheriff Deputy R. Fleury

Oneida Sheriff Deputy M. Aldoori

Oneida County Sheriff Robert M. Maciol

Oneida County Executive Anthony J. Picente Jr.

Sauquoit Valley Central School District
Superintendent Ronald Wheelock

Oneida County Director of Health Daniel W. Gilmore

Oneida County District Attorney Scott D. McNamara

Sauquoit Valley Central School District
Board of Education member Jim Dever

Sauquoit Valley Central School District
Board of Education member Ron Critelli

Sauquoit Valley Central School District
Board of Education member Dawn Miller

Sauquoit Valley Central School District
Board of Education member Anthony Nicotera

Sauquoit Valley Central School District
Board of Education member Todd Nelson

Oneida County

Oneida County Sheriff Department

Sauquoit Valley Central School District

                            Defendants.

---------------------------------------------------------------------------------------

**MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE**

By: David H. Walsh, Esq.
Bar Roll No.: 512032
Attorneys for Defendants
*Oneida Sheriff Deputy R. Fleury,*
*Oneida Sheriff Deputy M. Aldoori,*
*Oneida County Sheriff Robert M. Maciol,*
*Oneida County Executive Anthony J. Picente, Jr.*
*Oneida County Director of Health Daniel W. Gilmore,*
*Oneida County District Attorney Scott D. McNamara,*
*Oneida County & Oneida County Sheriff Department*
4615 North Street
Jamesville, NY 13078
(315) 492-3000
dhwalsh@kslnlaw.com

# TABLE OF CONTENTS

| | |
|---|---:|
| TABLE OF AUTHORITIES | i |
| PRELIMINARY STATEMENT | 1 |
| ARGUMENT | 1 |
| POINT I : PLAINTIFF'S BELATED SUBMISSION OF THIS MOTION – AFTER BRIEFING OF THE COUNTY DEFENDANTS' FRCP RULE 12(B)(1)-(6) HAS CLOSED – SHOULD BE REJECTED AS UNTIMELY…………………. | 1 |
| POINT II : PLAINTIFF'S MOTION SHOULD BE DENIED ON THE MERITS… | 2 |
| CONCLUSION | 4 |

# TABLE OF AUTHORITIES

*Arch Ins. Co. v. Sky Materials Corp.*, No. 17-cv-2829, 2019 U.S. Dist. LEXIS 49373, at *4, 2019 WL 1316950, at *2 (E.D.N.Y. Mar. 22, 2019)……………………………..... 3

*Dudla v. P.M. Veglio LLC, 2016 U.S. Dist. LEXIS 32938, at *24 (N.D.N.Y. Mar. 15, 2016)*………………………………………………………………………………… 4

*Orientview Techs. LLC v. Seven for All Mankind, LLC, 2013 U.S. Dist. LEXIS 111107, at *3 (S.D.N.Y. Aug. 7, 2013)*………………………………………………………… 3

*Perez v. De Domenico Pizza & Rest. Inc.*, 14-cv-7236 (LDW) (ARL), 2016 U.S. Dist. LEXIS 72922, 2016 WL 3774389, at *1 (E.D.N.Y. May 31, 2016)……………………… 3

*Resolution Trust Corp. v. Gregor, No. 94 CV 2578, 1995 U.S. Dist. LEXIS 22032, 1995 WL 931093, *3 (E.D.N.Y. Sept. 29, 1995)*………………………………………..……… 3

*Rzayeva v. United States, 492 F. Supp. 2d 60, 70 (D. Conn. 2007)*…………………………. 4

*Schoolcraft v. City of New York, 299 F.R.D. 65, 67 (S.D.N.Y. 2014) (quoting 5C FED. PRAC. & PROC. CIV. § 1382 (3d ed. 2011))*……………………………………..………. 3

*S.E.C. v. PacketPort.com*, No. 05 CV 1747, 2006 U.S. Dist. LEXIS 73638, at *8, 2006 WL 2798804 (D. Conn. Sept. 27, 2006) (citing *SEC v. McCaskey*, 56 F.Supp.2d 323, 326 (S.D.N.Y. 1999))…………………………………………...……………..………. 3

Statutes:

FRCP Rule 12(b)(1)-(6)……………………………………………………………. 1, 2, 3, 4

FRCP Rule 12(f)(2)…………………………………………………………………… 1, 2, 3, 4

## PRELIMINARY STATEMENT

Defendants, ONEIDA SHERIFF DEPUTY R. FLEURY, ONEIDA SHERIFF DEPUTY M. ALDOORI, ONEIDA COUNTY SHERIFF ROBERT M. MACIOL, ONEIDA COUNTY EXECUTIVE ANTHONY J. PICENTE JR., ONEIDA COUNTY DIRECTOR OF HEALTH DANIEL W. GILMORE, ONEIDA COUNTY DISTRICT ATTORNEY SCOTT D. MCNAMARA, ONEIDA COUNTY ("the County"), and the ONEIDA COUNTY SHERIFF DEPARTMENT (collectively "the County defendants"), by and through their attorneys, Kenney Shelton Liptak Nowak LLP, respectfully submit this memorandum of law in opposition to the motion filed by *pro se* plaintiff, CHRISTOPHER A. ROBERTS, *sui juris* ("Plaintiff"), to strike the County Defendants' memorandum of law in their underlying FRCP Rule 12(b)(1)-(6) motion to dismiss. *See* dkt. #40.

## ARGUMENT

### POINT I

**PLAINTIFF'S BELATED SUBMISSION OF THIS MOTION – AFTER BRIEFING OF THE COUNTY DEFENDANTS' FRCP RULE 12(B)(1)-(6) HAS CLOSED – SHOULD BE REJECTED AS UNTIMELY.**

As an initial matter, Plaintiff's motion should be denied as procedurally improper. Specifically, Plaintiff's motion, which appears to be one to strike portions (or all?) of the County defendants' memorandum of law in support of their FRCP Rule 12(b)(1)-(6), should have been incorporated into his opposition papers, or alternatively, in a cross-motion filing.

Specifically, the grounds that appear to support this position come from FRCP Rule 12(f)(2), which states:

> (f) Motion to Strike. The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. The court may act:

1

> (1) on its own; or
>
> (2) <u>on motion made by a party either before responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleading</u>. (emphasis added).

Here, Plaintiff did not file the instant motion to strike until February 2, 2023 (dkt. #40), which was far more than 21 days after the County defendants filed their FRCP Rule 12(b)(1)-(6) motion to dismiss (on November 21, 2022). Dkt. #28. Therefore, Plaintiff's motion is untimely pursuant to FRCP Rule 12(f)(2).

Alternatively, Plaintiff's motion is untimely for failure to address the issues raised therein in opposition to the County defendants' underlying FRCP Rule 12(b)(1)-(6). In essence, Plaintiff's use of this motion is tantamount to attempting a "second bite at the apple" by re-litigating issues that should have been (and to a large extent, were) addressed in the underlying motion papers. Allowing Plaintiff to proceed with this motion, when the appropriate course would have been to address these issues in opposition to the motion or in a timely filed cross-motion, would merely serve to reopen argument on a motion that has already been fully briefed. Plaintiff's failure to do so constitutes waiver, and this belated attempt to raise additional issues via a subsequent motion to strike should be denied.

## POINT II

**PLAINTIFF'S MOTION SHOULD BE DENIED ON THE MERITS.**

Rule 12(f), provides, that a "court may strike from a pleading [*8] an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. . . on motion made by a party either before responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleading." Fed. R. Civ. P. 12(f). "Although courts are given discretion to resolve

Rule 12(f) motions, as a general rule motions to strike affirmative defenses are 'disfavored and should not be granted unless there are strong reasons for doing so.'" *Perez v. De Domenico Pizza & Rest. Inc.*, 14-cv-7236 (LDW) (ARL), 2016 U.S. Dist. LEXIS 72922, 2016 WL 3774389, at *1 (E.D.N.Y. May 31, 2016). "In order for a court to strike a defense as insufficient: '(1) there must be no question of fact that might allow the defense to succeed; (2) there must be no substantial question of law that might allow the defense to succeed; and (3) the plaintiff must be prejudiced by the inclusion of the defense.'" *Id.; see also Arch Ins. Co. v. Sky Materials Corp.*, No. 17-cv-2829, 2019 U.S. Dist. LEXIS 49373, at *4, 2019 WL 1316950, at *2 (E.D.N.Y. Mar. 22, 2019). Accordingly, even if the defense is factually insufficient, the court must still determine whether its inclusion would prejudice the plaintiffs. *Id.* "Absent a showing of prejudice, an affirmative defense need not be stricken." *Resolution Trust Corp. v. Gregor*, No. 94 CV 2578, 1995 U.S. Dist. LEXIS 22032, 1995 WL 931093, *3 (E.D.N.Y. Sept. 29, 1995). Plaintiff bears the burden of establishing each of these three elements. *S.E.C. v. PacketPort.com*, No. 05 CV 1747, 2006 U.S. Dist. LEXIS 73638, at *8, 2006 WL 2798804 (D. Conn. Sept. 27, 2006) (citing *SEC v. McCaskey*, 56 F.Supp.2d 323, 326 (S.D.N.Y. 1999)). For example, a pleading may be stricken, under appropriate circumstances, if "the pleading is obviously insufficient as a matter of law, or the severity of the prejudice outweighs the materiality of the allegation." *Orientview Techs. LLC v. Seven for All Mankind, LLC*, 2013 U.S. Dist. LEXIS 111107, at *3 (S.D.N.Y. Aug. 7, 2013). "[I]t is not enough that the matter offends the sensibilities of the objecting party if the challenged allegations describe acts or events that are relevant to the action." *Schoolcraft v. City of New York*, 299 F.R.D. 65, 67 (S.D.N.Y. 2014) (quoting 5C FED. PRAC. & PROC. CIV. § 1382 (3d ed. 2011)).

Here, Plaintiff has failed to present sufficient grounds upon which to strike any portion of the County defendants' underlying motion papers. Simply put, the County defendants have sourced their underlying arguments to legal authorities that are either controlling or persuasive over this Court (*see generally* dkt. ##28, 39). The County defendants rest on the arguments set forth in those briefs and submit that they have sufficient legal support to be included in the motion. To the extent Plaintiff objects to the inclusion of certain facts or material outside of the pleadings, he was free to address them in his underlying opposition papers (which he did, *see* dkt. #37), and I suppose, in the instant motion (which, again, he did. *See* dkt. #40). However, given Plaintiff's failure to satisfy the legal standard as articulated above for striking motion papers under FRCP Rule 12(f), his motion should be denied. *See e.g., Dudla v. P.M. Veglio LLC*, 2016 U.S. Dist. LEXIS 32938, at *24 (N.D.N.Y. Mar. 15, 2016)*; Rzayeva v. United States*, 492 F. Supp. 2d 60, 70 (D. Conn. 2007).

## CONCLUSION

For the reasons and legal authorities set forth herein, the County defendants respectfully request an Order pursuant to Rule 12(b)(1)-(6) of the Federal Rules of Civil Procedure dismissing Plaintiff's Complaint, with prejudice, for lack of subject matter jurisdiction over the state law claims, and for the federal law claims, failure to state a claim upon which relief can be granted; and for any other relief the Court deems just and proper.

DATED: February 24, 2023                KENNEY SHELTON LIPTAK NOWAK LLP

                                        _____
                                        David H. Walsh, Esq.
                                        Bar Roll No.: 512032

4