UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------

Christopher A. Roberts, sui juris

                        Plaintiff,        Civil case No. 6:22-c-v-0918

     v.                                   (GLS/TWD)

Oneida Sheriff Deputy R. Fleury

Oneida Sheriff Deputy M. Aldoori

Oneida County Sheriff Robert M. Maciol

Oneida County Executive Anthony J. Picente Jr.

Sauquoit Valley Central School District
Superintendent Ronald Wheelock           **PLAINTIFF'S REPLY**

Oneida County Director of Health Daniel W. Gilmore   **MEMORANDUM OF LAW**
Oneida County District Attorney Scott D. McNamara   **IN FURTHER SUPPORT OF**

Sauquoit Valley Central School District            **PLAINTIFF'S MOTION FOR**
Board of Education member Jim Dever

                                                                        **SANCTIONS**

Sauquoit Valley Central School District
Board of Education member Ron Critelli

Sauquoit Valley Central School District
Board of Education member Dawn Miller

Sauquoit Valley Central School District
Board of Education member Anthony Nicotera

Sauquoit Valley Central School District
Board of Education member Todd Nelson

Oneida County

Oneida County Sheriff Department

Sauquoit Valley Central School District

                                      Defendants.

-----------------------------------------------------------------

## TABLE OF CONTENTS

1. Preliminary Statement.................................................................................................3

2. Plaintiff's Motion to Strike should be granted...........................................................3

3. Conclusion...................................................................................................................7

# REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF PLAINTIFF'S MOTION TO STRIKE

## PRELIMINARY STATEMENT

Plaintiff Christopher A. Roberts respectfully submit this reply memorandum of law to support the Motion for Sanctions against County Defendants' Counsel, David H. Walsh and Daniel Cartwright.

## ARGUMENT

### 1. PLAINTIFF'S MOTION TO SANCTIONS SHOULD BE GRANTED

"A court may take judicial notice of a document filed in another court not for the truth of the matters asserted in the other litigations and related filings." *Int'l Star Class Yacht Racing Ass'n v. Tommy Hilfiger U.S.A., Inc.,* 146 F.3d 66, 70 (2d Cir. 1998). "It may do so on a motion to dismiss only to establish the existence of the opinion, not for the truth of the facts asserted in the opinion." *Lum v. Bank of America* 361 F. 3d 217, n. 3 (3d Cir. 2004). To use the Judicial notice in *L.T. v. Zucker* to establish the existence of SARS-CoV-2 for a Rule 12(b) motion to dismiss, "such material was therefore not appropriate under the judicial notice exception to the conversion requirement." *Global Network Communications, Inc. v. City of New York,* 458 F.3d 150, 157 (2006).

"A court may take judicial notice of a document filed in another court "not for the truth of the matters asserted in the other litigation, but rather to establish the fact of such litigation and related filings." *Liberty Mutual Inc. v. Rotches Pork Packers Inc.*, 969 F.2d 1384, 1388 (2d Cir. 1992) (citing *Kramer v. Time Warner Inc.*, 937 F.2d 767, 774 (2d Cir.1991) (citing *United States ex rel. Geisler v. Walters,* 510 F.2d 887, 890 n. 4 (3d Cir.1975)))." "The Federal Rules of Evidence provide that courts may only take judicial notice of facts outside the trial record that are "not subject to reasonable dispute." Fed. R. Evid. 201(b)" *International Star Class Yacht Racing Ass'n v. Tommy Hilfiger,* 146 F.3d 66, 70 (1998). Additionally, "Because the effect of judicial notice is to deprive a party of the opportunity to use rebuttal evidence, cross-examination, and argument to attack contrary evidence, caution must be used in determining that a fact is beyond controversy under Rule 201(b). See Fed. R. Evid. 201(b) advisory committee notes, *Brown v. Piper,* 91 U.S. 37, 43, 23 L.Ed. 200 (1875)." *International Star Class Yacht Racing Ass'n,* 146 F.3d at 70.

"Of course, it may also consider matters of which judicial notice may be taken under Fed. R. Evid. 201. If a district court wishes to consider additional material, Rule 12(b) requires it to treat the motion as one for summary judgment under Rule 56, giving the party opposing the motion notice and opportunity to conduct necessary discovery and to submit pertinent material...a district court must confine itself to the four corners of the complaint when deciding a motion to dismiss under Rule 12(b)(6)." *Kramer v. Time Warner Inc.*, 937 F.2d 767, 773 (1991) (citations omitted).

"Motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b). The motion must be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets." Moreover, as a precondition to the imposition of sanctions that subsection requires a court to issue an order to show cause prior to the imposition of sanctions. Fed.R.Civ.P.11(c)(3). "Litigation qualifies as 'vexatious' if it is 'harassing or annoying, regardless of whether it is intended to be so.'" *Lamboy-Oritz v. Oritz-Velez*, 630 F. 3d 228, 245 (1st Cir. 2010) (quoting Cruz v. Savage 896 F.2d 626, 632 (1st Cir. 1990)). "Examples of the type of litigation conduct found sanctionable by the First Circuit include 'attempting to introduce evidence on irrelevant matters in the face of numerous admonitions to desist and 'engag[ing] in obfuscation of the issues hyberbolism and groundless presumptions.'" *Lamboy-Ortiz* 630 F 3d at 246 (citing *Cruz*, 896 F 2d at 634). Mr Walsh was asked several times to provide the evidence for his claim that a virus was the reason for his clients actions which he has failed to provide or withdrawal his claims. Mr Walsh also was confronted and asked to remove the letter to Judge Canattaro and his professional conduct complaint that occurred prior to this litigation and has refused. These issues are all outlined in the attached declaration.

Counsel for both District and County Defendants have been notified that SARS-CoV-2 has never been isolated directly from a patient or proven to cause the symptoms called COVID-19. "The purpose of Rule 11 is to deter dilatory and abusive tactics in litigation and to streamline the litigation process by lessening frivolous claims or defenses. See Fed. R. Civ. P. 11, advisory

notes. To achieve these goals, Rule 11 requires attorneys to take responsibility for the claims and defenses they represent; attorneys must make reasonable inquiry to assure that the claims, defenses and positions represented by them are well-grounded in both law and fact and are not intended to serve an improper purpose, such as harassment or delay. Under the rule, attorneys are also under a continuing obligation to ensure that the proceedings do not continue without reasonable basis in law and fact." *Cruz v. Savage,* 896 F.2d 626, 630 (1990). "Under revised Rule 11, however, subjective good faith is no longer enough to protect an attorney from Rule 11 sanctions." *Id* at 631. "The attorney need not intend to harass or annoy by his conduct nor be guilty of conscious impropriety to be sanctioned. It is enough that the an attorney acts in disregard of whether his conduct constitutes harassment or vexation, thus displaying a "serious and studied disregard for the orderly process of justice." *Id* at 632. "The plaintiffs' attorney was in a position to know the claims were unsupported by fact or law prior to bringing the claims and throughout the litigation. Upon review, we find that the district court's conclusion that plaintiffs' attorney unreasonably brought and pursued frivolous claims is adequately supported by the record. Accordingly, we hold that the district court was well within in sanctioning plaintiffs' attorney under Rule 11." *Id* at 633. As outlined in the declaration Mr. Walsh was informed that there was no evidence for SARS-CoV2 existing prior to the start of this litigation in a letter marked Exhibit G of the attached declaration.

Mr. Walsh was also informed and aware that the County could not fulfill Plaintiff's FOIL request for a record of isolation of SARS-CoV-2 prior to the initiation of this proceeding. County and District Defendants' legal claims for affirmative defenses are all based on the existence of

SARS-CoV-2, which no one in the world has proven to exist yet with a scientific publishing three years after its' supposed spread or release depending on what false narrative you are relying on. The County Defendants' have failed their duty of care to confirm that SARS-CoV-2 existed before declaring a state of emergency this is in violation of well established legal precedent.

Plaintiff warned Mr. Walsh that his claims (SARS-CoV-2) and filings (exhibits that are irrelevant like the letter to acting chief Judge Canattaro) "were unwarranted, frivolous, and potentially sanctionable. Nevertheless, having been warned, he persisted in his wrongheaded conduct. That conduct is sanctionable both because it involves "attempt[s] to introduce evidence on irrelevant matters in the face of numerous admonitions to desist," and because it demonstrates "studied disregard of the need for an orderly judicial process." *Lamboy-Oritz*, 630 F 3d at 246." *Irwin Indus. Tool Co. v. Bibow Industries, Inc.* Not Reported in F. Supp. 3d at 7 (2014).

"At the motion to dismiss stage, a judge assumes 'that all the allegations in the complaint are true (even if doubtful in fact).' " *Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 589 (2007)*. "In considering a motion to dismiss, a court must accept as true all the factual allegations in the complaint and draw all reasonable inferences from those facts in favor of the plaintiffs." *Moore v. Tartler*, 986 F.2d 682, 685 (3d Cir. 1993)." *Lum v. Bank of America* 361 F. 3d 217, n. 3 (3d Cir. 2004). Other than the Judicial Notice County Defendants' offer zero facts to establish the existence of SARS-CoV-2 and refuse to offer evidence of the direct isolation of the virus from a sick patient. Plaintiff offered in his complaint paragraph 236-238 and Exhibit W to prove that the Defendants' and the Governmental agencies above them have no record of any isolation of

SARS-CoV-2 from a sick patient. "A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding,* 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed. 2D 59 (1984). "The Defendants' motion to dismiss for failure to state a claim unsupported by affidavits or depositions is incomplete because it requests this court to consider facts outside the record which have been presented in the form required by Rule 12 (b)(6) and 56(c). Statements of counsel in their briefs or arguments while enlightening to the court are not sufficient for purposes of granting a motion to dismiss or summary judgment." *Trinsey v. Pagliaro,* 229 F, Supp. 647, 649 (1964).

## CONCLUSION

**WHEREFORE**, for the reasons stated throughout this reply, Plaintiff respectfully MOVES this Honorable court to enter an Order to Show Cause for the evidence of a virus(SARS-CoV-2) which is outlined in the Docket #51 and that a pandemic was caused by that supposed virus. The Plaintiff is also moving this court to issue an Order to Show Cause for the law that Defendants' clients were following that allowed them to prohibit the Plaintiff from attending a school board meeting at a public accommodation. Plaintiff moves the court to issue an Order to Show Cause for not sending Plaintiff the letter in Docket 49. Plaintiff requests the court to issue an order to show cause for the relevance of including the professional conduct complaints. Plaintiff moves the court to issue an Order to Show Cause for including the letter to

Judge Canattaro. Plaintiff also moves the court to issue an Order GRANTING Plaintiff's Motion for Sanctions for all parts of County Defendants' Memorandum of Law outlined in this Motion for Sanctions and Reply Memorandum of Law in Support of Motion for Sanctions and require County Defendants' and Counsel to sign and return the Affidavit of Commercial Liability for Defendants' Memorandum of Law in Support of Defendants' FRCP Rule 12(B)(1)-(6). Plaintiff further requests from this Court any further relief deemed necessary and just. Plaintiff also requests an Order for any other relief the Court deems just and proper.

I, Christopher A. Roberts, Plaintiff in the above complaint declare under penalty of perjury that the foregoing is true and correct.

Dated : *April 4, 2023*             *[signature]*

                                                                Christopher A. Roberts

                                                                sui juris

                                                                P.O. Box 34, Sauqoit, N.Y. 13456

                                                                croberts417@yahoo.com

                                                                315-272-6897