**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

CHRISTOPHER A. ROBERTS,

                                                     Plaintiff,                           6:22-cv-918
                                                                                          (ECC/TWD)

v.

R. FLEURY, *et al.*,

                                                   Defendants.

Christopher A. Roberts, *Pro Se Plaintiff*
Daniel Cartwright, Esq., *for County Defendants*
Charles C. Spagnoli, Esq., *for District Defendants*

**Hon. Elizabeth C. Coombe, United States District Judge:**

**MEMORANDUM-DECISION AND ORDER**

**I.   INTRODUCTION**

Pro se Plaintiff Christopher A. Roberts brings this action against Defendants R. Fleury, M. Aldoori, Robert Maciol, Anthony J. Picente, Jr., Ronald Wheelock, Daniel Gilmore, Jim Dever, Ron Critelli, Dawn Miller, Anthony Nicotera, Todd Nelson, Oneida County, and Sauquoit Valley Central School District, alleging claims pursuant to 42 U.S.C. § 1983 as well as various state law claims.  Plaintiff's claims arise from his objection to face-mask policies implemented by the Defendants during the COVID-19 pandemic (Mask Mandates), and Plaintiff's inability to attend and be heard at a public school board meeting due to his refusal to comply with the Mask Mandates.  On March 22, 2024, U.S. District Judge Glenn T. Suddaby dismissed Plaintiff's original Complaint, without prejudice as to certain claims. Dkt. No. 55.  Plaintiff filed an Amended Complaint on April 19, 2024, Dkt. No. 56, and Defendants have moved to dismiss the Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6) and (f), Dkt. Nos. 65, 70.  Plaintiff opposes the

Defendants' motions. Dkt. Nos. 67, 76. For the following reasons, Defendants' motions are granted in part, and the Amended Complaint is dismissed.

## II. FACTS

The Court presumes the parties' familiarity with Judge Suddaby's March 22, 2024 decision, which recites the factual background of this case. Dkt. No. 55 at 3-5.[1] To the extent the Amended Complaint adds any relevant factual allegations, the Court will address these additional facts in the course of discussing the parties' arguments below.[2]

## III. STANDARD OF REVIEW

To survive a motion to dismiss, "a complaint must provide 'enough facts to state a claim to relief that is plausible on its face.'" *Mayor & City Council of Balt. v. Citigroup, Inc.*, 709 F.3d 129, 135 (2d Cir. 2013) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Although a complaint need not contain detailed factual allegations, it may not rest on mere labels, conclusions, or a formulaic recitation of the elements of the cause of action, and the factual allegations 'must be enough to raise a right to relief above the speculative level.'" *Lawtone-Bowles v. City of New York*, No. 16-cv-4240, 2017 WL 4250513, at *2 (S.D.N.Y. Sept. 22, 2017) (quoting *Twombly*, 550 U.S. at 555). The Court must accept as true all factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor. *See EEOC v. Port Auth.*, 768 F.3d 247, 253 (2d Cir. 2014) (citing *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007)). When deciding a motion to dismiss, the Court's review is ordinarily limited to "the facts as asserted within the four corners of the complaint, the documents attached to the complaint as

---

[1] Citations to page numbers refer to pagination generated by the ECF system, unless otherwise noted.

[2] However, Plaintiff represents that the "essential factual allegations" contained in the original Complaint are "the same" as those contained in the Amended Complaint. Dkt. No. 63.

exhibits, and any documents incorporated in the complaint by reference." *See McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 191 (2d Cir. 2007).

Because Plaintiff is proceeding pro se, his submissions "must be construed liberally and interpreted 'to raise the strongest arguments that they suggest.'" *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006). "Nonetheless, to survive a Rule 12(b)(6) motion, a pro se plaintiff must support his claims with 'specific and detailed factual allegations, not stated in wholly conclusory terms.'" *Wightman-Cervantes v. ACLU*, No. 06-cv-4708, 2007 WL 1805483, at *1 (S.D.N.Y. June 25, 2007) (quoting *Friedl v. City of New York*, 210 F.3d 79, 85–86 (2d Cir. 2000)).

Defendants also seek to strike the Amended Complaint, or portions thereof, pursuant to Fed. R. Civ. P. 12(f). Dkt. Nos. 65 at 1; 65-7 at 5-7; 70-1 at 12. Rule 8 requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Court has the power to strike portions of or outright dismiss a complaint that "does not comply with the requirement that it be short and plain." *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988) (citing Fed. R. Civ. P. 12(f)). "However, violations of Rule 8 are found only in extreme circumstances." *A.S. v. City Sch. Dist. of Albany*, 585 F. Supp. 3d 246, 266, n.7 (N.D.N.Y. 2022) (collecting cases). Dismissal pursuant to Rule 12(f) "is usually reserved for those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." *Salahuddin*, 861 F.2d at 42 (citation omitted).

## IV.     DISCUSSION

### A.     The District Defendants' Motion

#### 1.     Claims Conceded and/or Abandoned

In his opposition to the District Defendants' motion, Plaintiff explicitly concedes the dismissal of certain claims for relief asserted in his Amended Complaint. Dkt. No. 67 at 2. Specifically, Plaintiff does not oppose dismissal of the following claims: (1) Count One alleging "Subjected to Investigational Countermeasure Use" pursuant to 42 U.S.C. § 1983; (2) Count Two alleging violation of the equal protection clause of the Fourteenth Amendment pursuant to 42 U.S.C. § 1983; (3) Count Four alleging violations of the PREP Act pursuant to 42 U.S.C. § 1983; and (4) Count Six alleging breach of contract. *Id.* Furthermore, Plaintiff does not oppose the District Defendants' argument that Count Three of the Amended Complaint, alleging violations of the Unconstitutional Conditions Doctrine pursuant to 42 U.S.C. § 1983, is subject to dismissal because it is inapplicable to the Mask Mandates, which did not implicate a fundamental right. *See* Dkt. No. 65-7 at 16. Thus, as to these claims for relief, the District Defendants' unopposed and facially meritorious arguments are granted. Dkt. No. 68 at 3. *See also Ross v. Port Chester Hous. Auth.,* No. 17-cv-4770, 2019 WL 4738941, at *7 (S.D.N.Y. Sept. 27, 2019) (dismissing as abandoned claims that pro se plaintiff failed to address or oppose in response to defendants' motion to dismiss); *Johnson v. Lew*, No. 1:13-cv-1072 (GTS/CFH), 2015 WL 4496363, at *5 & n. 6 (N.D.N.Y. July 23, 2015); N.D.N.Y. L.R. 7.1(a)(3).

Accordingly, only the following claims remain against the District Defendants: (1) Count Five alleging substantive due process violations pursuant to 42 U.S.C. § 1983; (2) Count Seven alleging intentional infliction of emotional distress; (3) Count Eight alleging common-law

4

negligence; (4) Count Nine alleging common-law conspiracy, and (5) Count Ten alleging fraud by omission or non-disclosure.

### 2. Substantive Due Process

The District Defendants argue that the Amended Complaint "does not identify any fundamental right infringed by the Mask Mandates, and it supplies no new factual allegation showing that the Mask Mandates were not rationally related to a legitimate state interest." Dkt. No. 65-7 at 17-18. Thus, the District Defendants argue, Plaintiff's substantive due process claim must be dismissed for the same reasons set forth by Judge Suddaby in his March 22, 2024 decision: the Mask Mandates did not violate any fundamental right of Plaintiff and pass rational basis review. *Id.* at 17. In response, Plaintiff argues that the Mask Mandates infringed on his "fundamental right to redress his local school board." Dkt. No. 67 at 2. Plaintiff further argues the absence of any "evidence of the alleged [COVID-19] virus[.]" *Id.* at 2-3.

"To determine whether a government regulation infringes a substantive due process right," courts must first "determine whether the asserted right is fundamental." *Goe v. Zucker*, 43 F.4th 19, 30 (2d Cir. 2022), *cert. denied*, ⸺ U.S. ⸺, 143 S. Ct. 1020 (2023) (quoting *Leebaert v. Harrington*, 332 F.3d 134, 140 (2d Cir. 2003)). "Rights are fundamental when they are implicit in the concept of ordered liberty, or deeply rooted in this Nation's history and tradition." *Leebaert*, 332 F.3d at 140 (quoting *Immediato v. Rye Neck Sch. Dist.*, 73 F.3d 454, 460–61 (2d Cir. 1996)). When the right infringed is fundamental, courts apply strict scrutiny, and "the governmental regulation must be narrowly tailored to serve a compelling state interest." *Goe v. Zucker*, 43 F.4th at 30 (quoting *Immediato*, 73 F.3d at 460). When a "claimed right is not fundamental," courts apply rational basis review, and the "governmental regulation need only be reasonably related to a legitimate state objective." *Id*. (quoting *Immediato*, 73 F.3d at 461).

5

As Judge Suddaby correctly noted upon review of Plaintiff's original Complaint, "federal courts that have been asked to rule on the constitutionality of mask mandates have uniformly found that such mandates do not implicate fundamental rights and are thus subject to rational basis review." *See Roberts v. Fleury*, No. 6:22-cv-0918 (GTS/TWD), 2024 WL 1242231, at *9 (N.D.N.Y. Mar. 22, 2024) (citing *Doe v. Franklin Square Union Free Sch. Dist. (FSUFSD),* 568 F. Supp. 3d 270, 288 (E.D.N.Y. 2021) (collecting cases)). "Under the rational basis standard, a law is constitutionally flawed only if it was not 'rationally related to a legitimate state interest.'" *Roberts v. Fleury*, 2024 WL 1242231, at *9 (quoting *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 440 (1985)). The application of rational basis review "is not a license for courts to judge the wisdom, fairness, or logic of legislative choices." *Heller v. Doe by Doe*, 509 U.S. 312, 319 (1993) (citation omitted). Laws subject to rational basis review are "accorded a strong presumption of validity." *Id*. "The party challenging a law subject to rational basis review has the burden to 'negat[e] every conceivable basis which might support it.'" *Roberts*, 2024 WL 1242231, at *9 (quoting *Heller*, 509 U.S. at 319) (citation omitted)).

Here, as Judge Suddaby further noted, the Defendants' application of the Mask Mandates "clearly survive rational basis review, because they were 'rationally related to [the] legitimate state interest' of controlling the spread of COVID-19 virus." *Roberts v. Fleury*, 2024 WL 1242231, at *9 (citing *FSUFSD*, 568 F. Supp. 3d at 275-76 ("[Federal courts] have uniformly found that public mask mandates do not implicate fundamental rights, and that such mandates easily clear rational basis review.");[3] and *Mongielo v. Hochul*, No. 22-cv-116, 2023 WL 2307887, at *14-17

---

[3] Approximately one month after Judge Suddaby issued his March 22, 2024 decision, the Second Circuit affirmed the district court's dismissal of plaintiff's substantive due process claim in *FSUFSD*, concluding that (1) no fundamental rights were at stake, and (2) the defendant school district's application of the mask mandates survived rational basis review "because it was reasonably related to a legitimate state objective ensuring the health and safety of all students,

6

(W.D.N.Y. Mar. 1, 2023) (holding that school mask mandate survived rational basis review)). Plaintiff has not raised any additional allegations in his Amended Complaint that would alter this analysis. The Court therefore concludes that the substantive due process claim alleged in the Amended Complaint must be dismissed as against the District Defendants.

### 3. Qualified Immunity

In addition to seeking dismissal on the merits of Plaintiff's remaining constitutional claims, the individual District Defendants argue that they are entitled to qualified immunity. Dkt. No. 65-7 at 24-26. Plaintiff argues that the individual District Defendants are not entitled to qualified immunity because they violated clearly established law and acted outside the scope of their authority. Dkt. No. 67 at 3.

The legal standard for establishing qualified immunity at the pleading stage was set forth in detail by Judge Suddaby in his March 22, 2024 decision, and will not be restated here. Dkt. No. 55 at 25-26. Considering that there has been no substantial change in the factual allegations, nor any intervening changes in the law, the Court finds that the individual District Defendants are alternatively entitled to dismissal of Plaintiff's constitutional claims based on the doctrine of qualified immunity, for the reasons previously set forth by Judge Suddaby. *Id.* at 26-27 (concluding that Plaintiff had "failed to plausibly allege 'the violation of a constitutional right—let alone that the unlawfulness of the defendants' conduct was clearly established at the time.'" (quoting *Mongiello v. City of New York*, 2023 WL 2307887, at *19 (W.D.N.Y. Mar. 1, 2023) (cleaned up)); *id.* at 32 (concluding that the individual District Defendants would be entitled to qualified immunity for the same reasons as the individual County Defendants).

---

teachers, and visitors on school grounds by curbing the spread of COVID-19. It is well settled that public health is a legitimate state interest." *Doe v. Franklin Square Union Free Sch. Dist.*, 100 F.4th 86, 98 (2d Cir.), *cert. denied*, 145 S. Ct. 570 (2024).

### B. The County Defendants' Motion

#### 1. Arguments Incorporated by Reference and Claims Abandoned

In seeking dismissal of the Amended Complaint, the County Defendants join in and incorporate by reference the arguments made by the District Defendants in their motion to dismiss. Dkt. No. 70-1 at 12. In opposition to the County Defendants' motion, Plaintiff limits his argument to the viability of his substantive due process claim pursuant to the Fourteenth Amendment – arguing that the Mask Mandates implicated a fundamental right requiring strict scrutiny analysis. Dkt. No. 76. Plaintiff's failure to oppose the County Defendants' motion to dismiss on any other basis conforms with his concession of various claims in his response to the District Defendants' motion to dismiss. In consideration of these factors, the County Defendants' unopposed and facially meritorious arguments are granted as to the dismissal of Counts One ("Subjected to Investigational Countermeasure Use" pursuant to 42 U.S.C. § 1983"); Two (violation of the equal protection clause of the Fourteenth Amendment pursuant to 42 U.S.C. § 1983); Three (violation of the "Unconstitutional Conditions Doctrine" pursuant to 42 U.S.C. § 1983); and Four (violations of the PREP Act pursuant to 42 U.S.C. § 1983).

#### 2. Substantive Due Process

For the same reasons that Plaintiff's substantive due process claim alleged in his Amended Complaint must be dismissed against the District Defendants, it must also be dismissed against the County Defendants. Specifically, the Mask Mandates do not implicate a fundamental right and survive rational basis review because they were rationally related to the legitimate state interest of controlling the spread of COVID-19. Count Five is therefore dismissed as against the County Defendants.

### 3. Qualified Immunity

For the same reasons that the individual District Defendants would be entitled to qualified immunity, so would the individual County Defendants. Dismissal of Plaintiff's constitutional claims as against the individual County Defendants is therefore alternatively warranted on this basis.

### C. State Law Claims

The only remaining claims alleged in the Amended Complaint are Plaintiff's state law claims. Defendants request that, absent any viable federal claim, the Court decline to exercise supplemental jurisdiction over Plaintiff's state law claims. Dkt. Nos. 65-7 at 14; 70-1 at 11-12. Plaintiff's only opposition to the arguments seeking dismissal of his state law claims is that the District Defendants "acted outside of the scope of their authority by enforcing a mask mandate[,]" and that Plaintiff's claims "are not precluded by Education Law § 3813." Dkt. No. 67 at 3.

Where a district court dismisses all claims over which it had original jurisdiction, the court may, in its discretion, decline to exercise supplemental jurisdiction over remaining state law claims. 28 U.S.C. § 1367(c)(3). "It is well settled that where, as here, the federal claims are eliminated in the early stages of litigation, courts should generally decline to exercise pendent jurisdiction over remaining state law claims." *Klein & Co. Futures, Inc. v. Bd. of Trade of N.Y.*, 464 F.3d 255, 262 (2d Cir. 2016) (citation omitted)*; see also Kolari v. New York-Presb. Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("'[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors . . . will point toward declining to exercise jurisdiction over the remaining state-law claims.'") (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 350, n.7 (1988)) (additional citation omitted). A district court should "balance[] the traditional 'values of judicial economy, convenience, fairness, and comity," in deciding whether to exercise

9

jurisdiction." *Kolari v. New York-Presb. Hosp.*, 455 F.3d 118 (2d Cir. 2006) (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. at 350).

Here, discovery is not complete, and there is nothing to suggest that the Court should depart from the usual practice. As a result, after carefully balancing the traditional values, the Court declines to exercise supplemental jurisdiction. Specifically, the following claims are dismissed without prejudice to refiling in state court: (1) Claim Six alleging breach of contract, (2) Claim Seven alleging intentional infliction of emotional distress; (3) Claim Eight alleging common-law negligence; (4) Claim Nine alleging common-law conspiracy; and (5) Claim Ten alleging fraud by omission or non-disclosure.

### D.     Fed. R. Civ. P. 12(f)

Because the Court has granted the Defendants' motions seeking dismissal pursuant to Fed. R. Civ. P. 12(b)(6), it need not analyze whether dismissal or striking pursuant to Fed. R. Civ. P. 12(f) is appropriate.

### V.     CONCLUSION

For all of the above reasons, it is

**ORDERED** that the District Defendants' motion to dismiss, Dkt. No. 65, is **GRANTED in part,** and it is further

**ORDERED** that the County Defendants' motion to dismiss, Dkt. No. 70, is **GRANTED in part**, and it is further

**ORDERED** that Plaintiff's state law claims are **DISMISSED without prejudice to refiling in state court,** and it is further

**ORDERED** that Plaintiff's Amended Complaint, Dkt. No. 56, is otherwise **DISMISSED with prejudice,**[4] and it is further

**ORDERED** that the Clerk of the Court is directed to enter judgment accordingly and close this action.

Dated: April 16, 2025

_____
Elizabeth C. Coombe
U.S. District Judge

---

[4] Plaintiff has not requested leave to amend his pleading. Moreover, the Court has already afforded Plaintiff an opportunity to amend. In these circumstances, the Court finds that justice does not require permitting Plaintiff to amend again. *See* Fed. R. Civ. P. 15(a)(2). For these reasons, the Court dismisses Plaintiff's constitutional claims with prejudice.